Argued and submitted August 13, reversed and remanded September 16, 2015

Jay A. SANGER,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
2014EAB0491; A156974

359 P3d 547

William Medlen argued the cause for petitioner. With him on the brief was Legal Aid Services of Oregon.

Denise G. Fjordbeck, Assistant Attorney General, waived appearance for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

**PER CURIAM**

Claimant petitions for review of a final order of the Employment Appeals Board (EAB). In that order, the EAB affirmed the decision of an administrative law judge (ALJ) concluding that claimant was not able to work for certain weeks and was not entitled to unemployment compensation for those weeks. On review, petitioner asserts, among other things, that the EAB legally erred when, in assessing whether petitioner had demonstrated that he was entitled to unemployment compensation under ORS 657.155, the EAB held that petitioner was required "to rebut" the presumption that written and oral statements that he had made to the Employment Department regarding his inability to work were reliable. Claimant argues that the EAB's imposition of that presumption conflicts with *Dennis v. Employment Div.,* 302 Or 160, 728 P2d 12 (1986), and that, by imposing that presumption, the EAB acted contrary to ORS 657.275(2), which required the EAB to conduct a *de novo* review of the record to determine whether claimant had established an entitlement to unemployment compensation. The Employment Department has not appeared in this proceeding, and, thus, has not responded to claimant's arguments. Reviewing for legal error, ORS 657.282, ORS 183.482, we agree with claimant and reverse and remand to the EAB.

In *Dennis*, the claimant had represented on her application for benefits that she was only willing to work part time, a fact that would make her ineligible for benefits. 302 Or at 162-63. The Employment Division denied benefits on that basis. The denial was upheld following an administrative hearing at which the claimant testified that she was willing to work full time; the referee held that her testimony was insufficient to overcome the presumption that her initial statements on her application for benefits were accurate. *Id.* at 164. The EAB affirmed the referee's decision. *Id.* On review, the Supreme Court reversed, concluding that the referee had failed to adequately develop the administrative record. *Id.* at 168. In so doing, the court addressed the presumption applied by the referee, explaining, "We know of no such statutory or common law presumption. We assume that the referee did not use the word in its sense given by the

Oregon Evidence Code. *See* OEC 308-11. If the referee did, it was error." *Id.* at 164 n 5.

Here, as was the case in *Dennis,* we can locate no source of law imposing the presumption applied by the EAB. Rather than applying such a presumption, the EAB's task on review under ORS 657.275 in a case such as this one is to review the record *de novo* and determine whether or not the claimant has persuaded it that he or she meets the criteria for benefits under ORS 657.155. We reverse and remand to the EAB to perform that task.[1]

Reversed and remanded.

---

[1] On remand, the EAB may wish to address another possible error identified by claimant before us. Claimant points out that the EAB also concluded that he was not entitled to benefits because "claimant did not meet his burden to establish, more likely than not, that less than full-time work was available for him as a property management facilitator during the weeks at issue." Claimant notes that ORS 657.155 does not, by its terms, require a claimant to prove that work was available in order to obtain unemployment compensation. Claimant's reading of ORS 657.155 appears, at first blush, to be correct.